Magistrate Judge Michelle L. Peterson

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff <br><br> v. <br><br> BENJAMIN ESTRADA-OSORIO <br><br> Defendant. | CASE NO.   MJ26-003 <br><br> COMPLAINT for VIOLATION <br><br> Title 8, U.S.C., § 1326(a) |

BEFORE MICHELLE L. PETERSON, United States Magistrate Judge, U. S. Courthouse, Seattle, Washington.

The undersigned complainant being duly sworn states:

### COUNT ONE

**Reentry of Removed Alien**

On or about December 23, 2025, at King County, within the Western District of Washington, BENJAMIN ESTRADA-OSORIO, an alien, native, and citizen of Honduras, was found in the United States after having been removed therefrom, and after knowingly and voluntarily reentering the United States without having obtained the

Complaint - 1
*United States v. Estrada-Osorio*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

express consent of the Attorney General and the Secretary of the Department of Homeland Security to reapply for admission to the United States.

All in violation of Title 8, United States Code, § 1326(a).

And the complainant states that this Complaint is based on the following information:

I, Immigration and Customs Enforcement Deportation Officer Robert Chin, being first duly sworn on oath, depose and say:

## INTRODUCTION

1. I am a Deportation Officer (DO) with U.S. Immigration and Customs Enforcement (ICE), Enforcement and Removal Operations (ERO), Department of Homeland Security (DHS), and have been so employed since August 2020. Prior to this, I was an Immigration Services Officer with U.S. Citizenship and Immigration Services (USCIS) from November 2017 to August 2020.

2. I graduated from the Basic Immigration Enforcement Training Program with ICE ERO at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia, in March 2021. I also graduated from the Immigration Services Officer Basic Training Program with USCIS at FLETC in Charleston, South Carolina, in June 2018. I have received training in enforcing Titles 8 and 18 of the United States Code, as well as the Immigration and Nationality Act (INA) of the United States. I am trained in locating, apprehending, processing, and removing any removable non-United States citizens.

3. Based on my training and experience, I know the following:

    a. Every person has a unique set of fingerprints. Unique identification numbers—including, but not limited to, Fingerprint Identification Number System (FINS) numbers and Federal Bureau of Investigation (FBI) numbers—can be assigned to a person's fingerprints, thereby distinguishing that person's fingerprints in law enforcement databases from another person's fingerprints. In many cases, DHS and other

Complaint - 2
United States v. Estrada-Osorio

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

government agencies utilize FINS and FBI numbers to associate unique fingerprint records and information with a specific individual.

   b. Moreover, when a person is fingerprinted by DHS agencies, such as ICE, those unique fingerprint identifiers are associated with an individual's unique Alien Registration Number (A-number) and Alien File (A-file). An A-file typically contains official documentation regarding a person's deportation or removal history as well as evidence of their alienage. That A-file is maintained in DHS custody, and documents and information from that A-file are uploaded to official DHS databases that can be accessed to determine, among other things, whether a person has been removed or deported from the United States, whether that person is a foreign national, and whether that person has been lawfully admitted into the United States, pursuant to, for example, a nonimmigrant visa.

  4. Generally, after an arrest for a criminal offense, a person's biometric fingerprint information is obtained by the arresting law enforcement agency and enrolled into a nationwide repository for criminal history records as part of a normal booking process. That information is then associated with a unique identification number for the person's fingerprints, typically the FBI number, which is searchable within various law enforcement indices and comparable with other government records, including those belonging to DHS and those associated with an A-file and A-number. A match between fingerprint identifiers can therefore be used to confirm the identity of a person associated with specific records, including immigration records indicating whether that person is amenable to immigration enforcement action.

  5. The facts set forth in this Complaint are based on my own personal knowledge; knowledge obtained from other individuals during my participation in this investigation, including other law enforcement personnel; review of documents and records related to this investigation; communications with others who have personal knowledge of the events and circumstances described herein; and information gained

Complaint - 3
United States v. Estrada-Osorio

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

through my training and experience. This Affidavit is intended to merely show there is sufficient probable cause for the above charge and does not set forth all my knowledge about this matter.

6. As further detailed below, based on my investigation and the investigation of other law enforcement officers, I submit there is probable cause to believe that Benjamin ESTRADA-OSORIO (ESTRADA-OSORIO), who was previously removed from the United States, was found in the United States after knowingly and voluntarily reentering the United States without prior authorization to do so.

**SUMMARY OF PROBABLE CAUSE**

7. On December 23, 2025, a multiagency team consisting of ERO DOs and Homeland Security Investigations Special Agents conducted a targeted enforcement operation in Kent, Washington. During that operation, Officers observed a vehicle that was found to be registered to ESTRADA-OSORIO. Further records checks revealed that ESTRADA-OSORIO had no applications or petitions approved that gave him authorization to enter, remain, or pass through the United States.

8. After Officers learned this information and once ESTRADA-OSORIO appeared on scene, Officers positively identified him as the subject based on the information contained in DHS databases about ESTRADA-OSORIO's description. Once positively identified, Officers attempted to arrest ESTRADA-OSORIO, but he fled on foot. Officers caught him approximately 0.2 miles away and placed him under arrest. Once apprehended, ERO reinstated ESTRADA-OSORIO's previous order of removal and placed him in immigration detention at the Northwest ICE Processing Center in Tacoma, Washington.

9. Following ESTRADA-OSORIO's immigration detention, I discovered that USCIS maintains an A-file for ESTRADA-OSORIO. This file is the official immigration file maintained by USCIS and is a consolidated repository of all known immigration contacts with ESTRADA-OSORIO.

Complaint - 4
*United States v. Estrada-Osorio*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

10. Based on my review of the A-file and other DHS databases, I learned the following about ESTRADA-OSORIO's immigration history:

    a. On or about July 21, 2016, United States Border Patrol (BP) arrested ESTRADA-OSORIO at Hidalgo, Texas, and served him with a Form I-862, Notice to Appear, placing him in immigration proceedings.

    b. On March 14, 2017, ESTRADA-OSORIO failed to appear for his immigration hearing, at which time an immigration judge issued him an order of removal to Honduras.

    c. On or about June 3, 2017, ESTRADA-OSORIO was arrested in Springdale, Arkansas, for Public Sexual Indecency, Contributing to the Delinquency of a Minor, Battery in the Third Degree, Flight from Officer, and Criminal Trespass. After this arrest, ERO lodged an immigration detainer and took custody of ESTRADA-OSORIO on June 6, 2017.

    d. On or about June 30, 2017, ERO physically removed ESTRADA-OSORIO to Honduras.

    e. On or about November 14, 2018, ESTRADA-OSORIO attempted to unlawfully reenter the United States near Eagle Pass, Texas, at which time BP detained him. The following day, BP reinstated his prior order of removal.

    f. On December 7, 2018, ERO physically removed ESTRADA-OSORIO to Honduras via ICE Air.

11. On an unknown date and at an unknown location, ESTRADA-OSORIO illegally reentered the United States without being inspected or admitted.

12. At all times relevant and material to this Complaint, ESTRADA-OSORIO was and continues to be a native and citizen of Honduras and not the United States, as his A-file and other DHS indices contain no record reflecting any application, nor permission from the Secretary of Homeland Security nor the United States Attorney General, to

Complaint - 5
*United States v. Estrada-Osorio*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

reenter the United States following his removal on December 7, 2018. Based on my training and experience, I know that a record reflecting such application or permission would ordinarily be found in the A-file and/or DHS or USCIS indices.

13. Based on the foregoing, I have probable cause to believe that ESTRADA-OSORIO was found in the United States, after knowingly and voluntarily reentering the United States without the express consent of the Attorney General or the Secretary of the Department of Homeland Security, in violation of Title 8, United States Code, § 1326(a).

## CONCLUSION

14. Based on the above facts, I respectfully submit that there is probable cause to believe that the defendant committed the aforementioned offense.

_____
Robert Chin, Complainant
Deportation Officer
U.S. Immigration & Customs Enforcement

The above-named agent provided a sworn statement attesting to the truth of the foregoing Complaint and Affidavit. Based on the Complaint and Affidavit, the Court hereby finds there is probable cause to believe the Defendant committed the offense set forth in the Complaint.

DATED this 5th day of January, 2026.

_____
Michelle L. Peterson
United States Magistrate Judge

Complaint - 6
United States v. Estrada-Osorio

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970